CRAWFORD, Judge
(dissenting):
Appellant’s testimony under oath before the military judge established that Appellant was involved in a continuous course of conduct as a principal in misusing and abusing members of the unit including choking Private First Class (PFC) Whetstone. Appellant admitted that between January 2002 and April 2002, he violated a general order by hazing PFC Whetstone by having him drink an excessive amount of alcoholic beverages, attaching and using an electronic muscle contracting device attached to PFC Whetstone’s face, referring to PFC Whetstone as being a “boot,” “weak,” and other terms, and impeding the investigation into his misconduct by threatening to injure PFC Whetstone and others. Appellant described one of the drinking events: “[W]e had younger Marines [including PFC Whetstone] come in and sit in the chair and they would hold their heads back and we poured alcohol down their mouth for a couple of seconds and then get them up and bring another one in.... ” Appellant also admitted that on March 2, 2002, the following took place: “We were sitting at the barracks again, we were drinking beers; and one of the guys had a one of those half stimulators____muscle stimulators____and we hooked it up to Palencia’s face and told him it wouldn’t hurt; did Whetstone’s face; and then we sent them to go find more new Marines to come sit in the chair and put it on their face also, sir.”
Moments before the choking incident occurred, Appellant and the victim, Whetstone, got in an argument. Appellant told PFC Whetstone to leave the room because he was drunk. Then PFC Whetstone walked away from Appellant mumbling something. Appellant testified that “Corporal [CPL] Sehuknecht got in [PFC Whetstone’s] face and grabbed him by the neck and threw him against the rack and yelled at him; and they went outside____” The military judge asked Appellant if he was “willing to admit ... [that he] violated Article 128 of the Uniform Code of Military Justice [10 U.S.C. 928 (2000)] by allowing and not preventing Corporal Schuknecht from committing assault and battery upon PFC Whetstone?” Appellant replied “Yes, sir.” He testified that there was no doubt in his mind that he violated Article 128. After the inquiry set forth by the military judge and the responses just mentioned, both the trial counsel and the defense counsel agreed that no further inquiry was needed to establish the providency of the plea. Id; cf. Bradshaw v. Stumpf, 545 U.S. 175, 125 S.Ct. 2398, 2406, 162 L.Ed.2d 143 (2005) (“Where a defendant is represented by competent counsel, the court usually may rely on that counsel’s assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty.”).
Mere presence is not enough to constitute a principal. Manual for Courts-Martial, United States pt. IV, para. l.b.(3) (2005 ed.). But a principal is criminally hable for crimes committed by another “if such crimes are likely to result as a natural probable consequence of the criminal venture or design.” Id. at para. l.b.(5).* Appellant’s conduct in this case established that he associated and participated with those engaging in the unlawful acts charged and was not an innocent *96 bystander. These acts taking place over a sixty-day period of time establish a common understanding for misuse of the junior members of the unit, the assault by CPL Schuknecht being one of these instances. This is not a single, spontaneous, and isolated incident that took place within ten seconds, but a continual course of conduct. As a result, I would hold there is not a substantial basis in law or fact to set aside this plea. See United States v. Prater, 32 M.J. 433, 436 (C.M.A.1991). Thus, I respectfully dissent from setting aside the plea.

 If one is not a perpetrator, to be guilty of an offense committed by the perpetrator, the person must: (i) Assist, encourage, advise, instigate, counsel, command, or procure another to commit, or assist, encourage, advise, counsel, or command another in the commission of the offense; and (ii) share in the criminal purpose of design.
Id. at para. 1 .b.(2)(b).